# APRIL, 1925.

Whit Russell v. The State.

No. 8871.   Delivered April 15, 1925.

Reinstated, Delivered May 27, 1925.

1.—Possessing Mash for Manufacture—Recognizance Insufficient—Appeal Dismissed.

Where a recognizance recites that appellant appeals from a conviction of a felony, without naming the offense further, it is fatally defective. See Art. 903 Vernon's C. C. P. The motion of the state will be sustained, and the appeal dismissed.

2.—Same—Recognizance Perfected—Appeal Reinstated.

The appeal was dismissed at a former time, because of a defective recognizance, but this defect has been corrected, and the appeal reinstated.

3.—Same—Evidence—Declarations of Accused—When res gestae—Admissible.

Where on a trial for possession of mash for the purpose of manufacturing intoxicating liquor, the explanation of appellant, who was found drunk in the wagon of witness Carter, who had lent his wagon and team to appellant, as to the barrel of mash, found in the wagon, was improperly excluded. Statements made at the time one is found in possession of a still in operation, or in possession of whisky if res gestae, are admissible when offered by the state. Exculpatory explanations of accused, made under similar circumstances are also admissible when offered by the defense.

4.—Same—Evidence—Declarations of Third Parties—Not Admissible—When.

Acts and declarations of third parties; out of the presence and hearsay of accused are not admissible; except as to co-conspirators, or codefendants, and the court erred in the instant case in permitting the state to prove that B. C. Calloway was arrested on the same day as appellant, and at a different place in possession of a new still, no connection of appellant with said still being shown.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of possession of mash for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

Wynne & Wynne, for appellant.

Tom Garrard, State's Attorney, and Grover C. Morris, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Kaufman County of possessing mash for the purpose of

manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The State moves to dismiss the appeal because of a defective recognizance: An examination of said recognizance shows that it recites that appellant was adjudged guilty of a felony and appealed from a conviction of a felony. There is no statement otherwise as to the offense for which conviction was had or from which an appeal was taken. This is insufficient. Art. 903 Vernon's C. C. P. The motion of the State will be sustained, and the appeal will be dismissed.

*Dismissed.*

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Kaufman County of possessing mash for the purpose of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The appeal was dismissed at a former time because of a defective recognizance, but this defect has been corrected.

The facts show that appellant was in the town of Terrell on Saturday afternoon and was asked by Mr. Carter, who lived in the same direction from said town as did appellant, to bring a wagon and team out to Carter's house, which he agreed to do. Mr. Carter testified that the next morning when he got up he saw his wagon setting in a mud hole some one hundred or one hundred and fifty yards from his house and in it was appellant leaning against the dash-board, apparently drunk. A horse and one of Mr. Carter's mules were hitched to the wagon. Presently one B. C. Calloway accompanied by a boy, approached the wagon having with them the other of Mr. Carter's mules and another horse. They proceeded to hook this additional team to the wagon and to then attempt to pull it out of the bog hole. As far as we can find out from the record Calloway had the lines and was directing the movement of the team in its effort to get the wagon out of the mud. Appellant seems to have gotten out of the wagon and fallen or laid down in a prickly-pear bush beside the road. The record is not very clear but further shows that Carter's team was either taken or went of its own accord, a little later, up to the house of Mr. Carter, appellant following them along the road, not being in a condition to drive. When appellant reached the Carter house he made some statements to Mr. Carter's son, which statements, when offered in evidence on his behalf, were rejected, and such action on the part of the trial court is complained of in a bill of exceptions. In our opinion the court erred in not letting such statements go before the jury.

The State was relying for its proof of possession of mash for the purpose of manufacturing intoxicating liquor, upon the fact that Carter had lent or turned over his wagon and team to appellant

Saturday night and that in said wagon the next morning when it was found in the road were six barrels of mash, and that the presence of appellant in the wagon at the time indicated his control, care and management of said mash. No one saw appellant load the mash into the wagon, or driving it along the road, nor are there any statements made by him in evidence showing that he had anything to do with said mash. The statement made by him to young Carter in effect negatives the proposition that he had anything to do with it. The length of time from the discovery of the wagon containing the barrels of mash in which appellant was, to the time of making the statement to young Carter, was apparently but a few minutes. Had he made a criminating statement concerning his possession of said mash under the same circumstances, beyond question this would have been admitted as part of the res gestae of such possession. We have always held statements made by one found in possession of a still in operation, or in possession of liquor, if made coincident with such possession and operation, to be res gestae when offered by the State. We see no reason for making a different rule when such statements are offered by the appellant, and in fact have held them admissible when offered by the defense.

As we view the case it was one dependent upon circumstantial evidence. As stated above, appellant was not driving the wagon when seen but appeared to be drunk and incapable of driving it. Other parties appeared upon the scene and assumed control, or made an effort to remove the wagon. It would appear to be as consonant with reason and the testimony to infer that said parties or one of them had driven the wagon containing appellant in his drunken condition, and also containing the mash, to the place where is was found by Mr. Carter, as to conclude that it was driven there by appellant, and that after reaching said point he became so intoxicated as to render him unable to proceed further. Either conclusion would be an inference from the circumstances. Unless we are able to conclude that appellant exercised some character of care, control and management of the mash, the State's case would entirely fail. No testimony is offered showing him in connection with it at any other place or time.

No testimony was offered by appellant tending to rebut the presumption arising from the possession of the mash, if in fact he did possess it, for the purpose of manufacturing intoxicating liquor. In this state of case we have serious doubt as to the admissibility of the testimony showing that late, on the same day appellant was found in the wagon, B. C. Calloway was arrested on another road, and at a different place, in possession of a new still. Appellant's knowledge of or connection with said still is not shown by the testimony of any witness. We infer from the record that appellant was at that time under arrest, and the testimony seems to come within the rule in-

hibiting acts and declarations of third parties out of the presence and hearing of the accused.

There was no exception to the court's charge because of its failure to submit the law of circumstantial evidence, and that fact is here adverted to so that in the event of another trial the judge may submit the law of that issue.

For the reasons above mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*